# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

### CIVIL ACTION NO. 4:08-CV-53

**TIFFANY MATTINGLY, individually**
**and on behalf of all others similarly situated**          **PLAINTIFF**

**V.**

**GRAYSON COUNTY, KENTUCKY and**
**DARWIN DENNISON, individually and in his**
**official capacity as the Grayson County Jailer**           **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a motion to dismiss by the Defendants. [DN 23]. Fully briefed, this matter is ripe for decision. For the following reasons, the Defendants' motion to dismiss is **GRANTED**.

### I. FACTS

In her Complaint, the Plaintiff alleges that she was arrested and charged with driving under the influence of alcohol and having an open container of alcohol in a motor vehicle. She was taken to the Grayson County Jail in the early morning hours of September 3, 2007. At the jail, she was taken into a room where she was told to remove her clothes except for her bra and underpants. She alleges that during this portion of the booking process - which was apparently part of a clothing-exchange procedure - her "torso was exposed to jail personnel."

The Plaintiff originally claimed that this procedure constituted an unreasonable search under the Fourth and Fourteenth Amendments; violated her procedural and substantive due process rights under the Fourteenth Amendment; violated her right to privacy under the Fourth, Fifth, Ninth, and Fourteenth Amendments; violated her right to equal protection under the Fourteenth Amendment; and violated her right not to be subjected to cruel and unusual punishment under the Eighth and

Fourteenth Amendments. The Plaintiff also brought state law claims for the intentional and/or negligent infliction of emotional distress. In their motion, the Defendants argue that all of the Plaintiffs' claims should be dismissed because her Complaint fails to state a claim upon which relief can be granted. In her response, the Plaintiff concedes that her Fifth, Eighth, and Ninth Amendment claims should be dismissed and, thus, the Court need only consider here whether her other claims should remain.

## II. LEGAL STANDARD

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6),

> the court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006). Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). Plaintiffs' obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. Id. at 1965. To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory. Id. at 1969.

LULAC v. Bredesen, 2007 FED App. 0341P, *5-6 (6th Cir. 2007).

## III. DISCUSSION

**A. Unreasonable Search**

The Fourth Amendment to the United States, applicable to the States through the Fourteenth Amendment's due process guarantee, protects individuals against unreasonable search of their persons, homes, and effects. Here, the Plaintiff argues that the Grayson County Jail conducted an unreasonable search of her person when it required her to remove her clothing upon admission to

the Jail. The Plaintiff contends that this procedure is prohibited by the rule set forth in <u>Masters v. Crouch</u> that "a strip search of a person arrested for a traffic violation or other minor offense not normally associated with violence, and concerning whom there is no individualized reasonable suspicion that the arrestee is carrying or concealing a weapon or other contraband, is unreasonable." 872 F.2d 1248, 1255 (6th Cir. 1989).

In <u>Masters</u>, the plaintiff was arrested for failure to appear in court. <u>Id</u>. at 1250. When the plaintiff arrived at the corrections facility, she was "frisked" by a female attendant and then escorted into a holding room where another female attendant ordered her to open her blouse. <u>Id</u>. This search occurred in front of a window in the holding room and in plain view of other persons. <u>Id</u>. The plaintiff was then taken to another room where she was required to "remove all of her clothing except her underpants and to turn around, drop her underpants, bend over and expose her rectum." <u>Id</u>. After putting on jail dress, the plaintiff was lodged in a jail cell with other persons. <u>Id</u>. In analyzing the propriety of the jail's actions, the court first noted that "[t]he strip search in this case consisted of two discrete acts. First, [the plaintiff] was required to expose her breast area, and later she was required to remove all her clothes and undergo the further visual inspection previously described. We consider the two incidents a single search, although either would be treated as a strip search if it occurred alone...." <u>Id</u>. at 1253. After considering the case law of other circuits, including the decision of the Seventh Circuit in <u>Mary Beth G. v. City of Chicago</u>, 723 F.2d 1263 (7th Cir. 1983), the court concluded that authorities may not strip search persons arrested for nonviolent minor offenses, solely because such persons will ultimately intermingle with the general population at a jail, when there are no circumstances to support a reasonable belief that the detainee will carry weapons or other contraband into the jail." <u>Id</u>. at 1255. Thus, according to the Plaintiff here, the

3

Grayson County Jail personnel subjected her to an unreasonable strip search because she had been arrested for a nonviolent minor offense and because there was no reason to suspect that she was carrying or concealing contraband.

The Court, however, disagrees. The Court believes that the Jail personnel's actions with regard to the Plaintiff were reasonable. In <u>Stanley v. Henson</u>, the Seventh Circuit considered a similar set of facts and distinguished them from those in <u>Mary Beth G</u>. 337 F.3d 961 (7th Cir. 2003). In <u>Stanley</u>, the plaintiff had been arrested facing misdemeanor charges of battery on a police officer and resisting arrest. <u>Id</u>. at 962. She was taken to jail where an officer conducted a pat-down search of her while she was fully clothed; this search turned up no weapons or other contraband. <u>Id</u>. The plaintiff was then required to go through a clothing-exchange procedure. <u>Id</u>. She was taken to a semi-private room where she was provided a jail-issued uniform and told to remove all her street clothing, except for her underpants, and to change into the uniform. <u>Id</u>. The plaintiff was not wearing a bra at the time, requiring her to expose her breasts as she changed. <u>Id</u>. While the plaintiff changed, an officer remained in the room, continuously observing her until she was dressed in the jail uniform, but at no time did the officer touch the plaintiff or conduct a visual inspection of the plaintiff's body cavities. <u>Id</u>.

As here, the plaintiff in <u>Stanley</u> brought suit under 42 U.S.C. § 1983 contending that the jail's clothing-exchange procedure caused her to be subjected to a strip search in violation of the Fourth Amendment. She argued that the search was unreasonable because it was done without regard to the particular charges against her and because there was no reason to suspect that she was concealing any weapons or drugs. <u>Id</u>. at 962-963. The court held otherwise. It concluded that although the plaintiff had been subjected to a "search" as a result of the clothing-exchange

procedure, the scope of the intrusion was not "excessive" because the plaintiff was allowed to leave her undergarments on; because she was not required to submit to a visual inspection of any body cavities or to any touching by the jail officer; and because the search occurred in an apparently professional manner in a semi-private area. Id. at 965. The court found that this intrusion was specifically unlike the intrusive search that it had held was unreasonable in Mary Beth G. where detainees "who were not inherently dangerous and who were being detained only briefly while awaiting bond" were required to undergo visual inspections of their anal and genital cavities. Id. at 965-966. Thus, the Stanley court ultimately concluded that the "relatively minimal intrusion into the privacy interest held by [the plaintiff]" was not unreasonable because jail officials must view any person entering the jail system with at least a minimal amount of suspicion and must prevent the introduction of weapons and contraband into jails.

The Court finds the reasoning in Stanley sound. Assuming the facts alleged in the Complaint to be true, the Plaintiff was subjected to a minimally intrusive search as part of the Grayson County Jail's clothing-exchange procedure. However, for all the reasons set forth Stanley, the Court holds that the search was not unreasonable. Thus, the Court concludes that the Plaintiff's Fourth Amendment claim must be dismissed because she has not stated a claim upon which relief can be granted.

**B. Equal Protection**

The Plaintiff also claims that the visual search she was subjected to as part of the Jail's clothing-exchange procedure violated the Equal Protection Clause of the Fourteenth Amendment. However, this claim must also be dismissed because the Plaintiff has failed to articulate any facts suggesting that she was intentionally treated differently than others similarly situated. See, e.g., City

of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).

**C. Procedural Due Process**

The Plaintiff also alleges that the Defendants violated her Fourteenth Amendment procedural due process rights by punishing her prior to an adjudication of guilt and by depriving her of a protected liberty interest created by the Kentucky Constitution and state regulations without due process of law. The Court will consider each of these alleged violations in turn.

In Thompson v. Medina, the Sixth Circuit explained a detainee's rights under the Due Process Clause of the Fourteenth Amendment as follows:

> ...pretrial detainees held in the jail are protected under the Fourteenth Amendment, which provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979). This Court has made clear that such detainees are thus entitled to the same Eighth Amendment rights as other inmates. Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). In addition, conditions of pretrial detention that implicate only the protection against deprivation of liberty without the due process of law, and no other express guarantee of the Constitution, are constitutional if they do not "amount to punishment of the detainee." Bell, 441 U.S. at 535. Absent a showing of an expressed intent to punish on the part of jail officials, if such a condition or restriction of pretrial detention "is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" Id. at 538-39. Third, all inmates at the jail are also protected by the Fourteenth Amendment against deprivation without due process of law of such protected liberty interests that may arise from state statutes, regulations, or policies. See Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460, 104 L. Ed. 2d 506, 109 S. Ct. 1904 (1989).

29 F.3d 238, 242 (6th Cir. 1994).

Thus, the Sixth Circuit has made clear that a pretrial detainee is not deprived of a liberty interest, absent the showing of an expressed intent to punish on the part of jail officials, if the actions of the jail officials are "reasonably related to a legitimate government objective." Because the Court has already held that the actions of the jail officials, as described in the Complaint, were reasonable,

6

the Court concludes that facts alleged in the Complaint do not support a claim that the Plaintiff was punished prior to an adjudication of guilt.

The Plaintiff further alleges that she was deprived of a liberty interest created by the Kentucky Constitution and the Kentucky Department of Correction's regulations without due process of law. See Constitution of Kentucky, Bill of Rights, § 10; 501 KAR 3:120. However, while a liberty interest can arise from state law or prison regulations, due process protections are implicated only if the plaintiff establishes that the defendant "impose[d] [an] atypical and significant hardship on [her] in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 483-484 (1995); see also Wilkinson, 545 U.S. at 223 ("The touchstone of the inquiry into the existence of a protected, state-created liberty interest...is not the language of regulations regarding those conditions but the nature of those conditions themselves 'in relation to the ordinary incidents of prison life.'"). Here, the Complaint contains no facts which suggest that the Plaintiff was subjected to a situation which constituted an atypical and significant hardship in relation to ordinary prison life.

For these reasons, the Court concludes the Plaintiff's procedural due process claims must be dismissed for failure to state a claim upon which relief can be granted.

**D. Substantive Due Process**

Finally, the Plaintiff alleges that her substantive due process rights were violated by the actions of the Grayson County Jail personnel because those actions "shock the conscience." However, the Supreme Court has held that because it has "always been reluctant to expand the concept of substantive due process...where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that

Amendment, not the more generalized notion of substantive due process, must the guide for analyzing these claims." County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998)(quoting Collins v. Harker Heights, 503 U.S. 115 , 125 (1992); Albright v. Oliver, 510 U.S. 266, 273 (1994)). Thus, because the Fourth Amendment's prohibition against unreasonable searches "covers" the Plaintiff's claim, it is properly analyzed under the Fourth Amendment, and substantive due process analysis is inappropriate. Id. For this reason, the Court holds that the Plaintiff's substantive due process claim must also be dismissed.

**E. State Law Claims**

Having concluded that the Plaintiff's federal claims should be dismissed, the Court declines to exercise supplemental jurisdiction over the Plaintiff's state-law claims. See, e.g., Musson Theatrical, Inc. v. Fed. Express Corp., 89 F.3d 1244, 1254-1255 (6th Cir. 1996) (stating that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims...").

### IV. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED**. The Plaintiff's state-law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). **IT IS SO ORDERED**.

cc: Counsel of Record